1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-158 RSM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) |
| v. | |
| ALLEN BETTS, III, | |
| Defendant. | |

## I.     INTRODUCTION

This matter is before the Court on Defendant's Motion, pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release to home confinement.  Dkt. #89.  Defendant Allen Betts, who suffers from Type II Diabetes, seeks release due to the risk of harm that he faces as a prisoner during the global COVID-19 pandemic.  Plaintiff, the United States of America (the "Government"), largely concedes that Mr. Betts's health presents an extraordinary and compelling reason supporting release but nevertheless opposes release because of "the danger that [the] defendant presents to an individual or the community."  Dkt. #94 at 2.  No party has requested oral argument and the Court finds oral argument unnecessary to its resolution of this Motion.  LCrR 12(b)(12).  Having considered the matter, the Court denies Defendant's Motion for compassionate release.

ORDER – 1

## II.      BACKGROUND

On January 11, 2019, the Court sentenced Mr. Betts to forty-eight months on one count of conspiracy to distribute methamphetamine and one count of unlawful possession of a firearm. Dkt. #69. Mr. Betts is currently serving his sentence in Federal Correctional Institution Sheridan ("FCI Sheridan") and is scheduled to be released on January 12, 2023.[1] Dkt. #89 at 1.

While Mr. Betts has been incarcerated, the world has been altered by the global COVID-19 pandemic. The pandemic poses a heightened risk of severe complications and/or death to certain populations should they contract COVID-19. *See* U.S. Centers for Disease Control and Prevention ("CDC"), *Coronavirus Disease 2019-COVID*, *People who are at higher risk for severe illness,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last reviewed May 15, 2020) ("CDC Guidelines"). The CDC has advised that individuals with diabetes are at a heightened risk, "particularly if not well controlled." *Id.*

COVID-19 also presents a clear concern and risk to inmates and staff at Bureau of Prison ("BOP") facilities. The continuous movement of staff into and out of the facilities make it likely that COVID-19 may find its way into BOP facilities. Once introduced, the housing conditions within the facilities makes it likely that COVID-19 will spread within the population. In response to these risks, the U.S. Attorney General has issued guidance to the Director of the BOP recommending a reduction in prison populations. Memorandum from the Attorney General to the Director of Bureau Prisons, (Mar. 26, 2020) *available at* https://www.justice.gov/file/1262731/download. The Attorney General advised that the reduction should be accomplished by transferring non-violent, vulnerable, and elderly inmates posing a minimal likelihood of recidivism to home confinement. *Id.*

---

[1] Mr. Betts did not begin serving his sentence at FCI Sheridan until September 23, 2019, because his requested several postponements for medical reasons, which were granted. Dkts. ##85, 86.

Mr. Betts, concerned that his Type II Diabetes placed him at higher risk of serious illness from COVID-19, requested compassionate release from FCI Sheridan's Warden, Josias Salazar, on May 11, 2020. Dkt. #89-1 at 2. That same day, Warden Salazar indicated that he had reviewed Mr. Betts's record and that Mr. Betts did "not meet the required criteria" for release.[2] Dkt. #89-2 at 2. Having exhausted his administrative remedies, Mr. Betts seeks relief from this Court.[3]

### III.          DISCUSSION

**A. Legal Standard**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are governed by 18 U.S.C. § 3582(c). Previously, district courts could "reduce the term of imprisonment" only "upon motion of the Director of the Bureau of Prisons." Recent amendments in the First Step Act of 2018 further expanded relief, allowing defendants to file motions, after exhausting administrative remedies, 30 days after making a request to the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). No matter how the motion is filed, relief is appropriate only where the Court finds that "extraordinary and compelling reasons warrant" a sentence reduction and that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

//

---

[2] Warden Salazar further indicated that Mr. Betts would "be considered for pre-release Residential Reentry Center placement . . . approximately 17-19 months [before] his release date." Dkt. #89-2 at 2.

[3] If released, Mr. Betts indicates that he has a stable living situation with his fiancée and young son, has an offer of employment, and would be able to reestablish his medical care. Dkt. #89 at 4–5. Mr. Betts does not submit further proof in support of his assertions.

ORDER – 3

The Sentencing Commission's policy statements specify that a sentence should be reduced only where a district court concludes, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that "[e]xtraordinary and compelling reasons warrant the reduction," and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."   United States Sentencing Guidelines ("USSG") § 1B1.13.[4]   The Sentencing Commission further specifies that a finding of "extraordinary and compelling reasons" may be supported by the defendant's medical condition:

(A) Medical Condition of the Defendant

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG 1B1.13 cmt. n.1.[5]

---

[4] Defendant does not challenge the sentencing guidelines on the basis that they have not been amended since the First Step Act was passed.  Regardless, the Court agrees with the Government that no matter whether the guidelines are binding, they provide substantial guidance.  Dkt. #94 at 7 (citing *United States v. Wolfe*, 2020 WL 2615010 (S.D. In. May. 22, 2020)).

[5] The application note also provides that a finding of "extraordinary and compelling reasons" may be premised on the age of the defendant, the family circumstances of the defendant, or for other reasons determined by the BOP.  USSG 1B1.13 cmt. n.1(B)–(D).

ORDER – 4

**B.  Extraordinary and Compelling Reasons Support Mr. Betts's Motion**

Mr. Betts was "diagnosed with Type II Diabetes [several] years ago.  He takes Metformin as well as daily insulin."  Dkt. #61 at ¶ 58.  On this background, the parties do not dispute that Mr. Betts has adequately established an extraordinary and compelling reason supporting his motion, and the Government concedes the issue: "[T]he Department of Justice now takes the position that having a medical condition that the CDC has identified does constitute an extraordinary and compelling reason to consider a reduction in sentence."[6]  Dkt. #94 at 8–9.

**C.  Danger to Others or the Community**

The core issue before the Court then, is whether Mr. Betts is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  USSG § 1B1.13.  In making this determination, district courts look to the nature and circumstances of the defendant's underlying offense, the weight of evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger the defendant's release would pose to any person or the community.  *See* 18 U.S.C. § 3142(g).

The Government accurately recounts the issues and considerations before the Court at Defendant's January 11, 2019 sentencing hearing:

> The Court's 48-month sentence was a significant downward variance from the Guidelines Sentencing range of 84 to 105 months.  [Dkt. #61 ("PSR") ¶ 76.  This sentence reflected the seriousness of Betts's conduct, which involved multiple, consistent drug sales and unlawful possession of a firearm.  PSR ¶¶ 7-9.  At the same time, the Court balanced the mitigating and aggravating aspects of Betts' criminal history, which contains 11 misdemeanor convictions of varying—and arguably escalating—severity, from 2001 through 2018.  PSR

---

[6] The parties do dispute whether Mr. Betts' condition is "well controlled" and whether BOP is adequately addressing the risk of COVID-19 in the prison setting.  *Compare* Dkt. #94 at 3–11 *with* Dkt. #100 at 1–4.  But Mr. Betts does not present any evidence or argument to show that these issues are relevant to the Court's consideration of this motion.  There is no dispute that the risk of harm posed Mr. Betts by COVID-19 establishes an extraordinary and compelling reason sufficient for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  The Court does not find it necessary or appropriate to address the issues on this limited record.

ORDER – 5

¶¶ 27-36.  Other relevant aspects of Betts' background included his decades-long addiction to PCP and his positive responses to intensive substance abuse and mental health treatment while on pretrial release.  PSR ¶¶ 51, 62-65.  Furthermore, when the Court imposed sentence, it was aware of Betts' medical conditions, specifically including his diabetes and his back and knee injuries.  PSR ¶¶ 58, 59.  Although Betts was originally ordered to begin serving his sentence on February 27, 2019, the Court extended that report date to September 23, 2019, to allow Betts time to obtain and recover from surgery.  Dkt. 72, 75, 82, 85.

Dkt. #94 at 10–11.  In reply, Mr. Betts offers only that while released on bond, he received only two reprimands for "dirty urine samples," but otherwise "was in compliance with the conditions of his appearance bond."  Dkt. #100 at 5–6.  The Court finds that denial of Mr. Betts's motion for compassionate release is appropriate on the basis that Mr. Betts has failed to demonstrate that he no longer poses a danger to others or the community.  *See* USSG § 1B1.13(2).

**D. Reduction Consistent with USSG Policy Statement**

Having found that Mr. Betts has failed to establish extraordinary and compelling reasons warranting compassionate release and has failed to establish that he does not pose a danger to others or to the community, the Court need not consider whether a sentence reduction would be consistent with the Sentencing Commission's policy statement.  *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

### IV.    CONCLUSION

For the reasons set forth above, the Motion for Compassionate Release by Defendant Allen Betts (Dkt. #89) is DENIED.

Dated this 10th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6